**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 0:20-CR-00035-MJD-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| ALONZO CARTER, | |
| Defendant. | |

---

This matter is before the Court on the parties' motions for discovery and disclosure. The Court heard oral argument on these motions as well as Mr. Carter's motions to suppress evidence and statements. Based on the motions, the argument, and the entire record, the Court enters the following Order.

**1.     The Government's Motion For Discovery Pursuant To Federal Rules Of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The government's discovery motion **(ECF No. 11)** is **GRANTED** to the extent that Mr. Carter shall provide discovery and disclosure as required by the applicable Rules. Further, the government shall make any expert disclosures required by Fed. R. Crim. P. 16 **at least three weeks prior to trial**. Mr. Carter shall make any reciprocal expert disclosures **at least two weeks prior to trial**.

**2.     Mr. Carter's Motion To Disclose Government's Intent To Introduce Any 404(b) Evidence.** Mr. Carter's motion requesting notice of the government's intent to introduce evidence of other crimes, wrongs, or bad acts pursuant to Federal Rule of Evidence 404(b) **(ECF No. 22)** is **GRANTED**. The government shall provide the notice required by Rule 404(b) **at least three weeks prior to trial**.

**3.     Mr. Carter's Motion To Disclose Any Evidence That Is "Helpful" To The Defense.** Mr. Carter seeks disclosure of information that would be "'helpful' to the defense or 'favorable' to the Defendant" pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419 (1995). Mr. Carter's motion **(ECF No. 23)** is **GRANTED**. The government shall comply with the obligations imposed by *Brady* and other controlling precedent requiring disclosure of evidence that is favorable to the defense.

1

4.      **Mr. Carter's Motion For Early Release Of Jencks Act Material.** Mr. Carter's motion requesting early disclosure of Jencks Act material **(ECF No. 24)** is **DENIED**. Nothing in this Order precludes the government from providing material covered by the Jencks Act prior to trial, and the government has agreed to provide such disclosure at least three business days before trial begins. Nevertheless, the Court strongly encourages the government to make such disclosures even sooner, if possible, to avoid unnecessary disruption of the trial and to allow reasonable preparation of a defense.

5.      **Mr. Carter's Motion To Disclose The Identity Of All Informants Who Were Witnesses To Or Participants In The Crimes Charged In The Indictment**. Mr. Carter seeks an Order requiring the prosecution to provide him with the identities of all informants who were witnesses to or participants in the crimes charged in the indictment pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957). Specifically, Mr. Carter notes that the government used information provided by at least one informant in an affidavit supporting applications for search warrants that led to the charges against him. He seeks disclosure of this informant's identity and that the informant be made available for an interview. The government asserts that the "informant" who provided information in support of a search warrant authorizing an ion swab and the warrant for Mr. Carter's townhouse was an "anonymous tipster," that the government is unaware of this person's identity, and that it does not intend to call the tipster as a witness at trial. The government represents that it used no other informants during the investigation, but if it learns that is not the case, it will inform defense counsel so that the parties can negotiate the timing of disclosure and make any informant available for interview. Based on the government's representations, Mr. Carter's motion **(ECF No. 25)** is **DENIED WITHOUT PREJUDICE**. If the government's position changes regarding the alleged "tipster" or if it learns of any other informants used during the investigation, it must notify the defense of the identity of any informant **at least three weeks prior to trial**.

6.      **Motion To Suppress Statements.** Mr. Carter filed a motion to suppress statements made at the time of his arrest. The government represents that it does not intend to offer any part of Mr. Carter's statements during its case in chief. Based on the government's representation, Mr. Carter withdrew the motion to suppress statements at the hearing. Accordingly, the motion to suppress statements **(ECF No. 20)** is **DEEMED WITHDRAWN** at this time. If the government's position changes, and it intends to offer Mr. Carter's statements against him at trial, Mr. Carter may renew this motion.

      **7.**      **Motions To Suppress Evidence.** Mr. Carter challenges the sufficiency of several search warrants used to obtain evidence the government intends to offer against him at trial. The Court heard oral argument on these suppression motions, established a post-hearing briefing schedule for the presentation of any additional arguments, will take the matters under advisement upon receipt of the post-hearing briefing, and will issue a report and recommendation concerning the motions.

Date: July 29, 2020

                                              *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States Magistrate Judge