UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-35(1) (MJD/KMM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALONZO CARTER,
   a/k/a "Alonzo Richardson,"

        Defendant.

**GOVERNMENT'S POSITION REGARDING SENTENCING**

The Government hereby submits its position regarding sentencing in the above-entitled matter and, for the reasons set forth herein, the Government recommends a sentence of 195 months' imprisonment, which is towards the bottom of the guidelines range of 188 to 235 months imprisonment.

**I.    The Offense Conduct.**

In August 2019, investigators at the Hennepin County Sheriff's Department began investigating the defendant on suspicion that he was in possession of firearms and selling drugs while staying at XXXX 37th Ave North in Minneapolis. (PSR ¶ 7). On August 29, 2019, investigators executed a search warrant on the defendant's townhouse. (PSR ¶ 9). Among other evidence, officers recovered approximately three pounds of heroin and one pound of cocaine, two firearms, digital scales, a money counter, and cutting agents for controlled substances. (PSR ¶ 9). The firearms included a short-

barrel rifle and a handgun. (PSR ¶ 9). The defendant was not home at the time the warrant was executed. (PSR ¶ 11). The defendant's niece was home and provided relevant information to law enforcement about the defendant's connection to the townhouse. (PSR ¶ 11).

## II. Base Offense Level and Specific Offense Characteristics.

The defendant pleaded guilty to a Count 1 of the Indictment, which charged Possession with the Intent to Distribute Heroin and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A). (PSR ¶ 1). The Presentence Investigation Report (PSR) concluded, and the parties agreed, that the defendant's base offense level was 30 based upon the entire weight of the drugs involved. (PSR ¶ 3, 10, 19). The Government concurs with this determination. The PSR concluded, and the parties agreed, that the defendant is subject to a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon. (PSR ¶ 20).

The defendant objects to the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12), which provides: "If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." Application Note 17 to the Guideline states:

> "Subsection (b)(12) applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance,

including storage of a controlled substance for the purpose of distribution.

Among the factors the court should consider in determining whether the defendant "maintained" the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises.

Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes."

The Eight Circuit has found the enhancement applies "when a defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises" also serves other, legitimate, functions. *United States v. Miller*, 698 F.3d 699, 707 (8th Cir. 2012); see also *United States v. Garcia*, 774 F.3d 472, 475 (8th Cir. 2014), *United States v. Anwar*, 880 F.3d 958, 971 (8th Cir. 2018). The Court in *Miller* reasoned that Congress directed the Sentencing commission to adopt U.S.S.G. § 2D1.1(b)(12) "to deter the manufacture and distribution of illegal drugs in 'crack houses' where children are being raised." 698 F.3d at 707.

The defendant clearly "maintained a premises for the purpose of … distributing a controlled substance" and he clearly used "the premises for the purpose of substantial drug-trafficking activities."

The defendant's niece stated that the defendant allowed her and her child to live at the residence with her boyfriend. (PSR ¶ 11). The defendant's niece stated that she had never been in the upstairs north bedroom, and that she had no belongings in the main floor closet. (*Id.*). Heroin and the firearms were found in the upstairs north bedroom, and cocaine was found in the main floor closet. (PSR ¶ 9). In the residence, officers found numerous indicia of drug sales, include packaging materials, cutting agents, a money counter, and multiple digital scales. (*Id.*).

In addition to these facts in the PSR, the United States will request an evidentiary hearing to establish the following:

Officers found numerous mailings inside the residence with the defendant's name, including utility bills and phone bills. Law enforcement obtained records indicating that the defendant paid the lease to the residence. Law enforcement also obtained records from Comcast. These Comcast records show that "Alonzo Richardson" subscribed to "Xfinity Home Security" at XXXX 37th N, Minneapolis. This security service was apparently connected in July

4

2016, and disconnected in December 2019, *after* the instant offense on August 29, 2019.

The upstairs north bedroom had magnetic security monitoring devices at the top of the bedroom door and door frame. External doors of the residence also had similar magnetic strips. Security cameras were also present inside the residence. In a jail call to an unknown female (who's voice is consistent with the defendant's niece who lived at the residence), the defendant explains how to use the internal security cameras.

At the time the search warrant was executed, law enforcement had information the defendant also lived at a different residence. The address of this other residence was XXXX Newton Ave North, Minneapolis. Inside the residence at XXXX 37th Ave North, officers found a mailing dated August 13, 2019 with the defendant's name which listed this XXXX Newton Ave North address.

Here, the defendant had a possessory interest in the premises, evidenced by him paying the rent on the lease, his own niece stating that she was allowed to live there by the defendant, and by the numerous mailings found in the premises. The defendant also "controlled access to, or activities at, the premises," which will be demonstrated by evidence that the defendant controlled the security features at the premises, such as his employment of the

security magnetic strips on the door to the bedroom which contained the drugs, and the security cameras in the house. The drugs were found in areas controlled by, and only accessible by, the defendant. Therefore, the court should overrule the defendant's objection to the enhancement.

### III.     Acceptance of Responsibility.

The defendant is eligible for a three-level reduction based on acceptance of responsibility. The PSR concluded, and the Government agrees, that no other reductions or enhancements should apply to the defendant's base offense level. Accounting for the acceptance of responsibility, the adjusted total offense level is 31.

### IV.     Criminal History.

The PSR determined that the defendant's criminal history is category VI. (PSR ¶¶ 70). The Government concurs with U.S. Probation's calculation.

### V.      Guideline Range.

With a criminal history category of VI and a total adjusted offense level of 31, the guideline imprisonment range is 188 to 235 months. (PSR ¶ 136).

### VI.     Appropriate Sentence.

Given the relatively high amount of drugs and the presence of firearms (including a short-barreled rifle and handgun), the Government recommends a guidelines sentence. As the facts in the PSR detail, the defendant possessed

with the intent to sell 1,464.5 grams of heroin, 571 grams of cocaine, and 888.21 grams of marijuana. (PSR ¶ 10). The defendant used his niece, who had a child, to live in the residence which he used to stash his drugs and guns. The defendant's conduct was dangerous and merits a significant sentence. Additionally, the defendant's criminal history demonstrates that he is unable or unwilling to comport with the law. In light of all the facts in this case, and pursuant to the sentencing objectives of 18 U.S.C. § 3553(a), a guidelines sentence of 195 months' imprisonment is just and reasonable.

Dated: December 13, 2012            Respectfully submitted,

                                                        CHARLES J. KOVATS, JR.
                                                        Acting United States Attorney

                                                        *s/ Joseph S. Teirab*

                                                        BY: JOSEPH S. TEIRAB
                                                        Assistant U.S. Attorney
                                                        Attorney ID No. 0393439